IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| GREGORY PAUL NESSELRODE, | ) | CV-12-00071-H-DLC-RKS |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS** |
| STATE OF MONTANA | ) | |
| Defendant. | ) | |

## Synopsis

Mr. Nesselrode asserts that the State of Montana violated his Constitutional rights by failing to comply with Federal Rules of Evidence and Federal Rules of Civil Procedure in a state lawsuit. Those federal rules do not control in state court. Therefore the Complaint does not state a claim on which relief can be granted and should be dismissed.

## Jurisdiction

Plaintiff Gregory Nesselrode filed a Complaint in U.S. District Court for the District of Montana, Helena Division. C.D. 1., p.1. He contends that his

1

Complaint invokes federal question jurisdiction under 28 U.S.C. § 1331. C.D. 1., p.1. The case was referred to this Court under Local Rule 73.1(a)(1).

The complaint names the State of Montana as the sole defendant. C.D. 1, p.1. Mr. Nesselrode seeks money damages of $135 million. C.D. 1., p.11. The complaint alleges that Montana District Court Judge Katherine Curtis failed to admit certain evidence in a previous state court action, in violation of the Federal Rules of Evidence and the Federal Rules of Civil Procedure. C.D. 1, p.3-4.

Though neither party has raised the issue, the 11th Amendment to the United States Constitution presents a threshold issue. The 11th Amendment bars an action that alleges a violation of federal law if brought directly against a state. Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1397 (9th Cir. 1992). Mr. Nesselrode's Complaint alleges violations of federal law, and is brought directly against the State of Montana. C.D. 1.

However, the United States Supreme Court has held that the 11th Amendment is a source of immunity for states, rather than a requirement for subject matter jurisdiction, and can be waived. Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613 (2002); *see also* Lovell v. Chandler, 303 F.3d 1039, 1051-1051 (9th Cir. 2002). Here, the State of Montana has filed a Motion to Dismiss, but has not claimed 11th Amendment immunity. C.D. 12. The

State is therefore presumed to waive immunity. Class of Plaintiffs v. City of Seattle, 955 F.2d 1268 (9th Cir. 1992). Accordingly, the 11th Amendment does not deprive this court of jurisdiction.

## Status

This actions is the latest salvo in a barrage of litigation filed by Mr. Nesselrode in both state and federal courts. *See e.g.* Nesselrode v. Flathead County, 9:06-cv-00150-DWM-JCL (dismissed); Nesselrode v. Measure et al., 9:07-cv-00049-DWM (dismissed); Nesselrode v. Provident Financial, 2006 MT 350N (dismissal affirmed). Nesselrode v. Provident Financial, Inc., 2010 Bankr. LEXIS 5047 (B.A.P. 9th Cir. 2010)(describing Mr. Nesselrode's litigation as "endless.").

Here, Mr. Nesselrode seeks federal review of previous state court litigation. C.D.1. The State of Montana moved to dismiss the Complaint for failure to state a claim on which relief can be granted, invoking Fed. R. Civ. P. 12(b)(6). C.D. 12. Meanwhile, Mr. Nesselrode has filed motions seeking leave to respond to the State's Answer, C.D. 7; for summary judgment, C.D. 9; and for leave to amend his Complaint, C.D. 19. The State's Motion to Dismiss is now at issue. In light of the recommendations as to the State's Motion to Dismiss, Mr. Nesselrode's outstanding motions are moot.

## Standards for Decision

A complaint is subject to dismissal unless it contains factual assertions that, accepted as true, "state a claim to relief that is plausible on its face." Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009). The assertions must be more than "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are construed liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.1987). If a pro se litigant's complaint is defective, the litigant is entitled to notice of the defect and opportunity to amend before the action is dismissed, unless it is absolutely clear that no amendment can cure the defect. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995).

## Facts

In 2003, Provident Financial initiated foreclosure proceedings on property owned by Mr. Nesselrode. C.D.1, p. 5. Mr. Nesselrode filed a lawsuit against Provident in Montana district court, alleging wrongful foreclosure and related claims. Nesselrode v. Provident Financial, 2006 MT 350N. The district court found in Provident's favor on cross-motions for summary judgment. Id. The

Montana Supreme Court affirmed.  Id.

## Analysis

Mr. Nesselrode contends that his rights were violated by the state district court's failure to comply with the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  C.D.1.  This contention is patently without merit: Both the Federal Rules of Evidence and the Federal Rules of Civil Procedure expressly limit their scope to federal courts.  Fed. R. Evid. 1101;  Fed. R. Civ. P. 1.  The United States Supreme Court has recognized that "The States are free to provide such procedures as they choose, including rules of evidence, provided that none of them infringes a guarantee in the Federal Constitution."  Burgett v. Texas, 389 U.S. 109, 113-14 (1967).

While Mr. Nesselrode asserts that the state district court's evidentiary decisions violated his Constitutional rights, he does not elaborate even to explain which rights are implicated, much less to provide factual content that would allow the court to infer that the defendant is liable for the misconduct alleged.  C.D. 1.  The conclusory assertion falls far short of stating a claim to relief that is plausible on its face, and consequently does not state a claim on which relief can be granted.  Iqbal, 556 U.S. at 678.

It is absolutely clear that amendment cannot cure the defects to Mr.

Nesselrode's Complaint. His assertion that a state district court judge declining to apply inapplicable rules amounted to a violation of his federal rights cannot be made plausible with additional factual assertions. The Complaint should be dismissed with prejudice. Lucas, 66 F.3d at 248.

## Conclusion

Mr. Nesselrode's contention that the state court violated his Constitutional rights by declining to apply inapplicable rules is utterly baseless. His Complaint fails to state a claim on which relief can be granted, and cannot be salvaged by amendment.

It is RECOMMENDED that Mr. Nesselrode's Complaint be dismissed with prejudice.

DATED this 26th day of September, 2012.

_Keith Strong_
Keith Strong
United States Magistrate Judge