

**FILED**

DEC 2 0 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| GREGORY PAUL NESSELRODE, | ) | CV 12-71-H-DLC-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Keith Strong recommending that Defendant's motion to dismiss this case be granted. Plaintiff Gregory Paul Nesselrode has filed objections and is therefore entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Other findings and recommendations are reviewed for clear error. *Id.*

Judge Strong found that Nesselrode failed to state a claim for relief because the Federal Rules of Evidence and Civil Procedure expressly limit their scope to federal courts and because Nesselrode failed to provide factual content to support his allegation that the State of Montana violated his constitutional rights.

In his Objections, Nesselrode indicated his intent to remove the case to the

Montana Supreme Court. He also offered several specific criticisms of a 2005 state district court ruling, which was affirmed on appeal by the Montana Supreme Court in *Nesselrode v. Provident Fin.*, 2006 MT 350N. In November, Nesselrode filed a motion asking this Court to remove the case to the Montana Supreme Court and to "[r]emove the Defendant, the State of Montana, and leave Defendant blank until persons that are directly and/or indirectly involved with Provident Financial, Inc. including attorneys and judge are summoned to this case and prosecuted." (Doc. 32 at 2.)

Nesselrode essentially seeks relief from the decisions of state courts in previous litigation. Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction to review final state court adjudications or to evaluate constitutional claims that are "inextricably intertwined" with final state court adjudications. *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983). A complaint which is "in essence" an appeal of a final state court decision must be dismissed for lack of subject matter jurisdiction. *Id.* at 483 n. 16, 486; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Accordingly, this action must be dismissed.

Additionally, Nesselrode cannot "remove" this case to a state supreme court or, for that matter, to any state court. The right of removal is purely statutory and

is limited to the scope of the statute, 28 U.S.C. § 1441. A case can only be removed from a state court to federal court, not the other way around. *Id.* Moreover, only the defendant has the right to seek removal; a plaintiff cannot remove his own case. *Id.*

No amendment could cure the defects in Nesselrode's Complaint, and there is no clear error in Judge Strong's remaining findings and recommendations.

Accordingly, IT IS ORDERED that Judge Strong's Findings and Recommendations (doc. 24) are ADOPTED in full.

IT IS FURTHER ORDERED that the Complaint in this matter is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Nesselrode's motion to remove this case to state court, remove Defendant, and maintain the case in open status (doc. 31) is DENIED.

Dated this 20th day of December 2012.

Dana L. Christensen, District Judge
United States District Court